UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**           Case   No.   8:16-cr-241-T-27JSS

v.

**NESTO DAVID DELGADO PARRALES**
_____/

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST FOR A REASONABLE SENTENCE

COMES NOW, the Defendant, **NESTO DAVID DELGADO PARRALES**, by and through undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline. Mr. Parrales moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds in support of this motion, Mr. Parrales states the following:

**I. MR. PARRALES' BACKGROUND**

Mr. Parrales is a 37year old native of Ecuador. Mr. Parrales grew up in a poverty stricken area of Ecuador. He along with his three siblings were raised by his parents.  His Father, a fisherman and only source of income could not provide even the most basic of necessities for his wife and children. Mr. Parrales was forced to forego higher education and accept employment at the age of 13 years old.

1

Prior to this offense, Mr. Parrales has worked consistently as a fisherman to provide for his own family. His common-law wife Betty Mero-Coque and his minor children currently reside with his mother-in-law during Mr. Parrales' incarceration. Mr. Parrales is in average health, suffering from undiagnosed stomach pains. He advised that he drinks on social occasions, but he does not have any history of using illegal drugs. He does not suffer from any mental issues.

Mr. Parrales has no prior convictions; this offense did not involve a weapon or violence, and his involvement was a result of his desire to better his financial situation for his family.

## II. PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On May 26, 2016 the grand jury in the Middle District of Florida returned indictment charging Mr. Parrales, and co-defendants with a two-count Indictment for Conspiracy, and Aiding and Abetting to Possess, with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a) and (b), 21 U.S.C. § 960 (b)(1)(B)(ii), and 18 U.S.C. § 2.

On July 28, 2016, Mr. Parrales pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt on August 12, 2016.

The probation officer correctly calculated Mr. Parrales' advisory guideline range (with the exception minor role adjustments). PSR ¶¶21. With an offense level of 38, and a criminal history category I, Mr. Parrales' guideline imprisonment range is **135 months to 168 months**.

## III. MINOR ROLE

Mr. Parrales should receive a two-level reduction for minor role. Mr. Parrales's role in this case was simply as a courier of the cocaine. He was not a leader or organizer, and had no proprietary interest in the operation; He was paid only to transport the cocaine.

Recently, the Eleventh Circuit addressed which probative facts must be evaluated to determine the defendant's role in the offense. In *United States of America v. Cruickshank*, No. 14-13754 (11th Cir. Sep. 20, 2016), the court provided numerous factors for the court to consider. The court stressed that the examples are "nota and exhaustive list nor is any one factor…more important than another," *Cruickshank,* No 14-13754 (11th Cir. Sep. 20, 2016 at 17). The determination of whether minor-role is applicable in each case "is highly fact-intensive and falls within the sound discretion of the court." *Id.* The Eleventh Circuit clarified that a defendant is still eligible to consideration for minor role if the defendant does not have a proprietary interest or "if he or she is substantially less culpable than the average participant in the criminal activity" *Cruickshank,* No 14-13754 (11th Cir. Sep. 20, 2016 at 22).

The seminal Eleventh Circuit case dealing with the determination of a mitigating role reduction pursuant to U.S.S.G. '3B1.2 is *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999). In the *De Varon* case, the Eleventh Circuit established a two-part test for determining whether a defendant qualifies for a minor role reduction. *De Varon*, 175 F.3d at 934. As the Eleventh Circuit noted, [f]irst, and foremost, the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G.

3

1B1.3. *Id.* The Eleventh Circuit further stated the second part of the test requires that where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. *Id.*

The guideline involved in the issue of minor role is U.S.S.G. 3B1.2, the new amendment to it is a more inclusive guideline provision for individuals like Mr. Parrales. The purpose of the mitigating role adjustment is to ensure that a low- level participant in a conspiracy does not receive the same sentence as a high- level participant in a conspiracy. Otherwise, based on the fact that all of the defendants in a conspiracy are held accountable for the total quantity of drugs involved, non-similarly situated defendants would be receiving the same sentence despite the minor role that some of the defendants may have had. Since, Mr. Parrales is being held for an amount of cocaine that places him at the same offense level as the owners, and those charged with logistics, his role must be compared to all of the other participants of the group of individuals.

In the present case, the factors weigh in favor of Mr. Parrales minor role status. Factually, Mr. Parrales was paid by others in the conspiracy. Mr. Parrales had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the cocaine. Other factors supporting Mr. Parrales minor role status include the fact that he did not recruit any other participants, he had little knowledge of the scope of the broader conspiracy, he reported to a larger player in the conspiracy. Distinctly, no one reported to him. Clearly under these facts, Mr. Parrales was less culpable than most of the participants. Specifically, he was less culpable than the loaders, the logistics people,

the distributors, the purchaser of the cocaine, the seller of the cocaine or any other unindicted co-conspirators. He was essentially a mule on a boat.

Based on the forgoing argument and legal authority, Mr. Parrales's objections should be granted and he should receive a two-level reduction for minor role. Such a result will be consistent with one of the main goals of the guidelines by insuring that he does not receive the same sentence as individuals that are more culpable than him, thus running astray of the guiding goal that similarly-situated defendants should be similarly punished.

**IV. REQUEST FOR A REASONABLE SENTENCE**

Mr. Parrales respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

## A. The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Parrales [18 U.S.C. § 3553(a)(1)]

The history and characteristics of Mr. Parrales, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Parrales is 37 years old, he has two minor child that he has cared for since birth. Like many others in his country, he was struggling to make ends meet. His involvement in criminal conduct is limited to this offense.

## B. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]

Mr. Parrales has accepted responsibility for his actions, and acknowledged that his behavior was wrong. He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat in jail, and had an opportunity to reflect on his actions. Mr. Parrales is devastated at his choices and now his inability to assist his family financially.  He only wishes to use his time wisely to learn English and expand of his knowledge base on a new trade. Mr. Parrales is a first time offender, is not a violent and will eventually be returned to his country. For Mr. Parrales, the punitive purpose of sentencing can be achieved with a below-range sentence.

## CONCLUSION

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Parrales requests that a sentence of 87 months is more than reasonable in this case.

Respectfully submitted,

/s/ Cynthia Hernandez

CYNTHIA J. HERNANDEZ, ESQUIRE
Florida Bar No.: 0010422
3030 N. Rocky Point Dr., Suite 150
Tampa, FL 33607
Telephone: (813) 841-2933
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Joseph Ruddy, AUSA

joseph.ruddy@usdoj.gov

/s/ Cynthia Hernandez

CYNTHIA J. HERNANDEZ, ESQUIRE